HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHYLLIS GORDON, as the Personal Representative of the estate of Anthony Gordon, and MARCOS GORDON and PHYLLIS GORDON, husband and wife,

Plaintiffs,

v.

STATE OF WASHINGTON, Department of Social & Health Services, Western State Hospital; ANDREW PHILLIPS, in his individual and official capacities; EDWARD L. KELLY, in his individual and official capacities; DONNA STAGLE, in her individual and official capacities; JOHN DOE & JANE DOES 1 through 20, in their individual and official capacities,

Defendants.

Case No. CV-09- 05069RBL
(CONSOLIDATED)

ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION
[Dkt. #40]

THIS MATTER comes before the Court on Defendants' Motion for Reconsideration of Court's Order on Defendants' Motion for Summary Judgment [Dkt. #40]. Defendants ask the Court to reconsider its Order and Amended Order on Defendants' Motion for Summary Judgment [Dkts. #37 & 42], and dismiss Plaintiffs' civil rights claim because Plaintiffs have failed to present expert testimony establishing

ORDER
Page - 1

that Dr. Kelly's evaluation of Mr. Gordon amounted to deliberate indifference or a violation of the professional judgment standard. Defendant also asks the Court to reconsider its decision to reserve the issue of sanctions related to the alleged destruction of the ward videotape. Defendants' Motion for Reconsideration is **DENIED**. The reasons for the Court's decision are set forth below.

**1. Civil Rights Claims Against Dr. Kelly.**

Defendants argue that Plaintiffs have failed to submit competent testimony establishing that Dr. Kelly was either deliberately indifferent to Mr. Gordon's serious medical need, or that his care substantially departed from the accepted professional standard. [Dkt. #40 at 3]. Defendants argue that summary judgment was improperly denied because expert testimony is required in this case, and Court neither referenced in its Order, nor based its decision on, expert testimony. *Id.* Defendants further argue that Plaintiffs' expert, RN Babette Weiland, is not qualified to testify as to the standard of care for a physician. *Id*. at 3, n. 2.

The issue on summary judgment was whether, viewing the facts in a light most favorable to the Plaintiffs, Dr. Kelly's medical care of Mr. Gordon amounted to a constitutional violation. As Defendants argue, a health care provider violates a pretrial detainee's constitutional rights if he is deliberately indifferent to the pretrial detainee's serious medical need. *Conn v. City of Reno,* 591 F.3d 1081, 1094-95 (9th Cir. 2010). And as Plaintiffs argue, because civilly committed individuals are entitled to more considerate treatment than pretrial detainees, a health care provider violates a civilly committed individual's constitutional rights if his care "is such a substantial departure from the accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg v. Romeo*, 457 U.S. 307, 322, 323 (1982). The Court determined that "genuine issues of material fact exist as to whether Dr. Kelly was deliberately indifferent to Mr. Gordon's serious medical needs, or alternatively, whether his care fell below the accepted professional standard." [Dkts. #37 & 42, at 12].

ORDER
Page - 2

The Court did not base denial of Defendants' motion on Nurse Weiland's testimony. Although expert testimony *may* be relevant to whether a health care provider's decision was a substantial departure from the requisite professional judgment, *see Youngberg*, 457 U.S. at 323 n. 31, Defendants have not cited, and the Court has not found, any authority indicating that expert testimony is *required* under the deliberate indifference standard. Defendants cite only to Washington case law indicating that expert testimony is necessary to establish the standard of care in an ordinary medical malpractice negligence case. [Dkt. #40 at 5, n. 2].

In the absence of any authority indicating that expert testimony is required to establish either the professional judgment or the deliberate indifference standards, the Court properly denied summary judgment. Without relying on expert testimony, Plaintiffs presented sufficient evidence from which a jury could conclude that Dr. Kelly was deliberately indifferent to Mr. Gordon's serious medical need, a higher standard than both the medical malpractice and the professional judgment standards.

To be liable for denial of medical treatment to a pretrial detainee, an official must "'know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference would be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' In other words, the official must demonstrate a *subjective awareness* of the risk of harm." *Conn*, 591 F.3d at 1096 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). Whether an official knew of a substantial risk "is not limited to the purported recollections of the individuals involved," but rather is "a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence." *Farmer*, 511 U.S. at 842.

The Court determined that substantial evidence indicates that Mr. Gordon was a suicide risk, and inferred that Dr. Kelly should have been aware of that fact. Whether Dr. Kelly actually knew of the substantial risk of harm to Mr. Gordon is a genuine issue of material fact for the jury to resolve. This is particularly so given that "'questions involving a person's state of mind are generally factual issues

ORDER
Page - 3

inappropriate for resolution by summary judgment.'" *Conn*, 591 F.3d at 1098 (quoting *Mendocino Evntl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1302 (9th Cir. 1994)).  Because it is bound by Ninth Circuit precedent in *Conn v. City of Reno*, this Court "must leave the question of subjective awareness to the jury." *Id.*  Defendants' Motion for Reconsideration on the Court's Order denying summary judgment as to civil rights claims against Dr. Kelly is **DENIED**.

### 2. Sanctions Due to Alleged Spoliation of Evidence.

In its Order and Amended Order on Defendants Motion for Summary Judgment, the Court dismissed Plaintiffs' claim for spoliation of evidence because Washington does not recognize a such a cause of action. [Dkt. #37 at 17].  Defendants agree with that dismissal, but argue that the Court improperly reserved the question of whether sanctions for spoliation are appropriate.  [Dkt. #40 at 6].  Defendants argue that destruction of the tape is not a sanctionable event because there is no evidence that Dr. Kelly was involved in the alleged destruction, the alleged destruction occurred before litigation began, and the tape is no longer relevant to any issue in this case.  *Id.*

However, at the time of the Court's Orders, the State had never explained what happened to the videotape,[1] and the video technician had not yet been deposed. *Id.*  Recognizing that sanctions may be appropriate for the alleged destruction of evidence under Fed. R. Civ. P. 73 as a civil discovery violation, the Court reserved that question for trial.  Neither Defendants nor Plaintiffs have identified any new circumstances which would alter the Court's disposition of this matter.  Accordingly, Defendants' Motion

/

for Reconsideration on the issue of spoliation is **DENIED**.

IT IS SO ORDERED.

---

[1] In its Motion for Summary Judgment [Dkt. # 27], Defendants assert that the tape was "overwritten in the ordinary course of business, and defendants deny that this was done for any improper purpose or to destroy evidence related to this case." [Dkt. # 27 at 20].  These are not proper grounds upon which summary judgment may be granted.

ORDER
Page - 4

1 | Dated this 2nd day of April, 2010.

*(signature)*

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE